922 So.2d 501 (2006)
Jerry and Jannie BEAUCLAIRE
v.
Marjories GREENHOUSE, et al.
No. 2005-CA-0765.
Supreme Court of Louisiana.
February 22, 2006.
*502 Charles C. Foti, Jr., Attorney General, Terry F. Hessick, Assistant Attorney General; Provosty, Sadler, Delaunay, Fiorenza & Sobel, Ronald J. Fiorenza, John D. Ryland, Alexandria, for appellant
The Law Offices of Darrel D. Ryland, Darrel Dee Ryland, Joseph B. Treuting, Wesley K. Elmer, Marksville, Danika A. Benjamin, for appellee.
WEIMER, Justice.
*503 This case is before us on direct appeal[1] from a district court judgment declaring LSA-R.S. 13:5105(D), which grants a political subdivision the right to waive the prohibition against a jury trial, unconstitutional. For reasons that follow, we find the provision constitutional and reverse the holding of the district court.

FACTS AND PROCEDURAL HISTORY
This matter arises from a vehicular accident which occurred on February 11, 2004, when a truck driven by Jerry Beauclaire was allegedly struck by an Avoyelles Parish school bus driven by Marjories Greenhouse. Beauclaire and his wife filed suit on February 23, 2004. Included as parties were Greenhouse and the Avoyelles Parish School Board.
Defendants filed an answer in which they requested a trial by jury. An order was signed by the trial court granting defendants' request.
Plaintiffs subsequently filed a motion to strike the jury trial, arguing defendants failed to comply with the provisions of LSA-R.S. 13:5105 requiring a political subdivision to waive the prohibition against jury trials by general ordinance or resolution.
Defendants opposed the motion, arguing that Resolution No. 9 passed on February 17, 2004, by the Avoyelles Parish School Board waived the prohibition against jury trials. Although the resolution was not in effect on the date of the accident, it had been adopted and was in effect at the time plaintiffs filed suit. Defendants argued the waiver was timely and procedurally correct and, thus, they were entitled to a trial by jury.
Plaintiffs then filed a supplemental motion to strike the jury demand, arguing that LSA-R.S. 13:5105(D) was an unconstitutional deprivation of their right to equal protection under La. Const. art. I, § 3, and should be stricken. In support of their motion, plaintiffs argued the statute allows the municipality alone to decide the mode of trial and does not give any guidance for when a trial should be a judge trial or jury trial. Plaintiffs also argued the statute was discriminatory to them as members of a "quasi-suspect" class and not substantially related to an important government objective. Plaintiffs further argued that although the articulated state purpose or goal of preservation of the public fisc is a legitimate governmental interest, the system created by LSA-R.S. 13:5105(D) is not a rational method to advance that goal.
Defendants opposed the supplemental motion to strike the jury, arguing that plaintiffs lacked standing to challenge the constitutionality of the statute and that the effect of the waiver allowed either party the opportunity to elect to have a trial by jury. Defendants further argued the statute does not violate the state's equal protection clause, contending the legislature determined that a political subdivision is in the best position to determine how to protect its financial resources (whether by judge trial or jury trial) and enacted a statute related to that objective. Because the statute has a reasonable or rational relationship to a legitimate government interest, defendants argued, there is no basis for finding a violation of equal protection rights.
The State of Louisiana, through the Attorney General, was served with notice of the constitutional challenge and subsequently *504 filed a response, adopting defendants' arguments.
The trial court conducted a hearing on plaintiffs' motion to strike. Following argument of counsel, the trial judge, without engaging in any analysis of the statute, expressed his belief that the statute was unconstitutional and adopted by reference the briefs submitted by counsel. Judgment was rendered in favor of plaintiffs, granting the motion to strike and finding the statute violated the equal protection provision of the Constitution of the State of Louisiana.
Defendants and the State jointly filed a motion for a suspensive appeal returnable to this court. The case was scheduled for consideration on the merits.
On appeal in this court, plaintiffs and defendants re-urge the same arguments advanced in the trial court. In addition, defendants contend the trial court erred in holding plaintiffs had standing to constitutionally challenge LSA-R.S. 13:5105(D). Relying on Whitnell v. Silverman, 95-0112 (La.12/6/96), 686 So.2d 23, defendants argue that a party has standing only to challenge the constitutionality of a statute to the extent that the statute adversely affects his own rights.[2] The defendants argue the right to request a trial by jury is the same right available to every other plaintiff and defendant seeking access to Louisiana courts unless otherwise governed by special legislation.
The Avoyelles Parish School Board exercised the right granted by the statute to waive the prohibition against jury trials. The waiver against the prohibition of a jury trial does not select the mode of trial; it merely allows the possibility of trial by jury. Defendants contend the waiver does not guarantee a trial by jury, but simply permits a demand for trial by jury by either party if requested in accordance with law. Defendants also contend the trial court erred in holding that LSA-R.S. 13:5105(D) was an unconstitutional denial of plaintiffs' equal protection rights. They argue the legislature has a legitimate interest in preserving financial resources. Defendants argue that even if LSA-R.S. 13:5105(D) makes distinctions or classifications between similarly situated parties, those distinctions rationally relate to a legitimate government interest. It is plaintiffs' burden to show that the distinction, if any, does not suitably further any appropriate government interest.
Plaintiffs argue the statute violates equal protection rights as it creates a system whereby the political subdivisions and those injured by them are treated differently. Plaintiffs point out that the equality of treatment that purportedly results from passage of the ordinance does not arise until after the political subdivision waives the prohibition against a jury trial.
Plaintiffs claim they have standing to challenge the constitutionality of LSA-R.S. 13:5105(D) as they were disadvantaged by defendants' unilateral choice of the mode of trial. They contend their standing is supported by Kimball v. Allstate Insurance Company, 97-2885 (La.4/14/98), 712 *505 So.2d 46, which recognized in a footnote the disparity in treatment presented by the statute. Plaintiffs argue the statute violates equal protection as it creates a system where the political subdivision and those injured by them are treated differently.
Plaintiffs argue the trial court was correct in striking the jury and finding that LSA-R.S. 13:5105(D) violates the equal protection provision of the Louisiana Constitution because the statute is irrational in its arbitrary application.

DISCUSSION
In order to determine whether there is merit to plaintiffs' claim that the statute violates their right to equal protection under the Louisiana Constitution, we must examine the source of that right and the statute itself.
Louisiana Constitution Article I, Section 3 provides:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.
Generally, the state constitutional guarantee of equal protection mandates that state laws affect alike all persons and interests similarly situated. This guarantee does not, however, take from the legislature all power of classification. State v. Baxley, 94-2982, p. 6 (La.5/22/95), 656 So.2d 973, 977-978.
The equal protection clause does not require absolute equality or precisely equal advantages. McCormick v. Hunt, 328 So.2d 140, 142 (La.1976). It is possible for parties to be treated differently without violation of equal protection rights. Equal treatment of all claimants in all circumstances is not required. The law merely requires equal application in similar circumstances. Rudolph v. Massachusetts Bay Insurance Co., 472 So.2d 901, 905 (La.1985), (Calogero concurring with additional reasons).
This court has previously addressed the proper analysis for determining whether an equal protection violation has occurred. In Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094 (La.1985), this court enunciated a three-tier evaluation to determine whether there was a violation of equal protection. We stated:
Article I, Section 3 commands the courts to decline enforcement of a legislative classification of individuals in three different situations: (1) When the law classifies individuals by race or religious beliefs, it shall be repudiated completely; (2) When the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused unless the state or other advocate of the classification shows that the classification has a reasonable basis; (3) When the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantaged class shows that it does not suitably further any appropriate state interest. [Footnotes omitted.]
Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d at 1107.
It is undisputed that the third level of scrutiny applies in this case. Under the third level of scrutiny, where the challenged classification is based on grounds other than discrimination because *506 of birth, race, age, sex, social origin, physical condition, or political or religious ideas, the law creating the classification is presumed to be constitutional. Thus, the party challenging the constitutionality of the law has the burden of proving it unconstitutional by showing the statute fails to serve a legitimate government purpose. State v. Expunged Record (No.) 249,044, 03-1940, p. 10 (La.7/2/04) 881 So.2d 104, 111; State v. Fleury, 01-0871, p. 7 (La.10/16/01), 799 So.2d 468, 473.
The determination of a statute's constitutionality is a judicial function constitutionally vested in the courts. LSA-Const. art. V, § 1. Constitutional scrutiny favors the statute. State v. Expunged Record (No.) 249,044, 03-1940 at 4, 881 So.2d at 107; State v. Griffin, 495 So.2d 1306, 1308 (La.1986). Statutes are presumed to be valid, and the constitutionality of a statute should be upheld whenever possible. State v. Expunged Record (No.) 249,044, 03-1940 at 4, 881 So.2d at 107; State v. Hart, 96-0599, p. 2 (La.1/14/97), 687 So.2d 94, 95. The court must analyze and interpret the language of the constitutional provision specified by the challenger when evaluating a constitutional challenge. State v. Expunged Record (No.) 249,044, 03-1940 at 4, 881 So.2d at 107; Louisiana Municipal Association v. State, 00-0374, p. 5 (La.10/6/00), 773 So.2d 663, 667.
Courts begin their review with the premise that legislation is the solemn expression of legislative will. LSA-C.C. art. 2. The appropriate starting point for statutory interpretation is the language of the statute itself. State v. Expunged Record (No.) 249,044, 03-1940 at 4, 881 So.2d at 107; In re Louisiana Health Service and Indemnity Company, 98-3034, p. 10 (La.10/19/99), 749 So.2d 610, 615.
Under the minimal level of equal protection analysis, great deference is given to legislative determinations, and a classification is constitutional if it has a rational relationship to a valid state interest. State v. Expunged Record (No.) 249,044, 03-1940 at 10, 881 So.2d at 111; Louisiana Seafood Management Council v. Louisiana Wildlife and Fisheries Commission, 97-1367, p. 14 (La.5/19/98), 715 So.2d 387, 395.
This court previously addressed the constitutionality of LSA-R.S. 13:5105[3] in Rudloph v. Massachusetts Bay Insurance Company, 472 So.2d 901 (La.1985). The statute had been challenged as a violation of the right to civil trial by jury and the right to due process of law and equal protection. This court acknowledged that the right to trial by jury in civil actions was not incorporated as an essential aspect of due process in the Fourteenth Amendment guarantee applicable to the states. This court found the state has a legitimate interest in preserving its financial resources and in minimizing the delays and greater court costs associated with jury trials and held the statute did not violate the equal protection clause of the United States Constitution. The court further concluded the legislature could have rationally believed the denial of a jury trial against the state, state agency, or political subdivision of the state would facilitate the protection of the state treasury.
Subsequently, the statute was amended to allow a political subdivision to waive the prohibition against a jury trial. At all pertinent times, LSA-R.S. 13:5105 provided in part:

*507 A. No suit against a political subdivision of the state shall be tried by jury. Except upon a demand for jury trial timely filed in accordance with law by the state or a state agency or the plaintiff in a lawsuit against the state or state agency, no suit against the state or a state agency shall be tried by jury.
. . . .
D. Notwithstanding the provisions of Subsection A, a political subdivision, by general ordinance or resolution, may waive the prohibition against a jury trial provided in Subsection A of this Section. Whenever the jury trial prohibition is waived by a political subdivision, and a jury trial is demanded by the political subdivision or the plaintiff in a suit against the political subdivision or against an officer or employee of the political subdivision, the demand for a jury trial shall be timely filed in accordance with law. The rights to and limitations upon a jury trial shall be as provided in Code of Civil Procedure Articles 1731 and 1732.
In Kimball v. Allstate Insurance Company, 97-2885 (La.4/14/98), 712 So.2d 46, this court addressed the constitutionality of two sections of LSA-R.S. 13:5105. The only section germane to this case involved LSA-R.S. 13:5105(D) which was challenged on different grounds than asserted in this matter. In Kimball, the trial court found the statute to be an unconstitutional delegation of legislative authority to political subdivisions. Plaintiffs in Kimball also argued the statute violated La. Const. art. XII § 10(C) requiring that a "uniform procedure" be applicable to all suits against political subdivisions. Following an extensive discussion of the legislative history, this court found the statute constitutional on both grounds.[4] The court found that Section D applies in every possible locality throughout the state as well as to every political subdivision in the state.
By enacting LSA-R.S. 13:5105(D) the legislature has chosen to allow political subdivisions being sued in civil suits to pass a resolution which allows either party to elect a jury trial. Kimball v. Allstate Insurance Company, 97-2885 at 19, 712 So.2d at 60. Waiver of the prohibition against a jury trial by the political subdivision effectively places the parties in an equal status in their right to access a jury trial. Prior to waiver, both parties are bound by the provision of LSA-R.S. 13:5105(A) which bans jury trials against political subdivisions of the state. Once the jury trial prohibition is waived in accordance with Section D, either party may demand a jury trial in accordance with law, subject to the rights to and limitations upon a jury trial as provided in LSA-C.C.P. arts. 1731 and 1732. Execution of a waiver by a political subdivision returns the parties to the status occupied if the prohibition provided in Section A did not exist.
In this matter, the Avoyelles Parish School Board waived the prohibition against civil jury trials by resolution passed on February 17, 2004. Thus, the waiver was in effect prior to plaintiffs filing suit. At the time suit was filed either party was entitled to request a jury trial. Thus, there was no discrimination. Because both parties had equal access to a jury trial, and are treated the same, there *508 is no violation of the equal protection clause.
Plaintiffs argue their right to a non-jury trial against a political subdivision of the state has been denied. However, plaintiffs have no constitutional right to a non-jury trial. In this case, plaintiffs had the burden of proving that Section D fails to serve a legitimate government purpose. We find that plaintiffs have failed to meet that burden.
By enacting Section D, the legislature granted political subdivisions of the state the option to waive the prohibition against jury trials. We find such action to be within the constitutional authority granted to the legislature. We further find LSA-R.S. 13:5105(D) does not violate the equal protection clause of the Louisiana Constitution. The trial court judgment finding to the contrary is reversed.

CONCLUSION
For the foregoing reasons, we hold LSA-R.S. 13:5105(D) is constitutional. The judgment of the trial court is reversed and the matter is remanded to district court for further proceedings consistent with this opinion.
REVERSED.
NOTES
[1] Appellate review is governed by LSA-Const. art. V, § 5(D) which provides in part that "a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional."
[2] The plaintiff in Whitnell had challenged the constitutionality of LSA-R.S. 9:5628 on the basis of equal protection. In order to raise a valid equal protection challenge, Whitnell was required to show the statute treated her differently from other individuals similarly situated to her. Under the facts of the case, this court found Whitnell failed to show discriminatory treatment or that she was a member of a class disadvantaged by the statute. Additionally, the court found Whitnell had no standing to challenge the statute in its application to individuals with diseases characterized by latency periods in excess of three years as she experienced medical problems well within the three-year statutory prescriptive period.
[3] At that time, LSA-R.S. 13:5105 provided: "No suit against the state or a state agency or political subdivision shall be tried by jury."
[4] In a footnote, this court noted the plaintiffs in Kimball were not advancing an equal protection challenge; nor were they challenging the fact that the political subdivision was in total control over whether or not either party would be able to request a jury. Kimball, 97-2885 at 20, 712 So.2d at 61 n. 7. This court simply acknowledged those facts without making a substantive comment on the merits of such a challenge.