Dear Rep. Ligi:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion on the legality of the Louisiana Department of Transportation and Development ("DOTD") assessing tolls in differing amounts from southbound motorists on the new Leeville Bridge. According to your request, residents who live below the bridge pay $0.50, while all others pay $2.50 regardless of whether they own businesses and/or property below the bridge. You are concerned about the legality of such a practice and ask for our opinion.
The Fourteenth Amendment to the United States Constitution provides, in part, that "[n]o State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." Additionally, Louisiana Constitution Article I, § 3 provides:
 "No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime."
Generally, a state constitutional guarantee of equal protection mandates that state laws affect alike all persons and interests similarly situated. Beauclaire v. Greenhouse, 2005-7065 (La. 2/22/06), 922 So.2d 501. This guarantee does not remove from the legislature all power of classification, or require absolute equality or precisely equal advantages; the law merely requires equal application in similar circumstances. Id.
In Sibley v. Board of Supervisors of Louisiana StateUniversity, 477 So.2d 1094 (La. 1985), the Louisiana Supreme Court set forth the proper analysis for determining *Page 2 
whether an equal protection violation has occurred. The Louisiana Supreme Court explained:
 "Article I, Section 3 commands the courts to decline enforcement of a legislative classification of individuals in three different situations: (1) When the law classifies individuals by race or religious beliefs, it shall be repudiated completely; (2) When the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused unless the state or other advocate of the classification shows that the classification has a reasonable basis; (3) When the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantaged class shows that it does not suitably further any appropriate state interest." [Footnotes omitted.]
Based upon the information provided to us, the issue at hand involves a classification based on residency. Pursuant toSibley, a classification based on residency is legal and acceptable provided it suitably furthers any appropriate state interest.
La.Rev.Stat. 32:2 provides, in pertinent part, the following with respect to DOTD's authority to regulate the state highways:
 § 2. Authority of Department of Transportation and Development
 A. (1) The department, as an exercise of the police power of this state, shall supervise and regulate all traffic on all highways within the state highway system and shall have the authority in its discretion to supervise and regulate all traffic on all highways within this state; promulgate rules and regulations not inconsistent with this Chapter and the general laws relative to highways and their construction, maintenance, and use, and the operation of vehicles and pedestrians thereon; and investigate the highways by utilizing surveys, traffic counts, etc., and effect methods and practices thereto, as in its judgment and experience it deems advisable.
Thus, pursuant to La.Rev.Stat. 32:2, the DOTD has the specific authority to regulate traffic on the public highways. Similarly, La.Rev.Stat. 48:941 and 48:945 give DOTD the authority to construct bridges over navigable waters and arrange for and supervise the collection of tolls. They provide as follows: *Page 3 
 § 941. Bridges over navigable waters authorized
 The department of highways may construct bridges and approaches thereto over navigable waters, for public use, on or connecting highways in this state. Thereafter, the department may operate and maintain these bridges
 § 945. Tolls
 As soon as any bridge authorized in this Part is put into operation, the department shall arrange for and supervise the collection of tolls for the use of the bridge. The rate of toll shall be determined by the department. The rates so fixed shall be such as to anticipate the retirement of the bonds issued for the construction of the bridge in not more than twenty years. The toll rates shall be posted in a conspicuous place at each end of the bridge or its approaches and at the places of collecting the tolls.
 Commuters' tickets for those making frequent use of a particular bridge may be sold at reduced rates upon such terms and subject to such restrictions as are determined by the department of highways.
 The department of highways shall report and pay into the state treasury all of the funds so derived by it from the bridges. (Emphasis added).
In our view, La.Rev.Stat. 48:945 gives DOTD the specific authority to set and regulate the rate of toll. Further, in connection with its general authority to regulate traffic over the state highways and bridges, we believe DOTD has legitimate concerns like public safety, the protection of public infrastructure, and the elimination of public nuisances such as noise, filth, and litter. We believe these are appropriate state interests that DOTD is authorized to pursue through the assessment of tolls. Further, we can conceive of situations where the assessment of differing tolls, as discussed herein, would be rationally related to, and suitably further these state interests. Accordingly, based on the information currently available to our office, we are of the opinion that the assessment of differing tolls based on residency, as discussed herein, appears to be legal and permissible. *Page 4 
We hope the foregoing is helpful to you. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 BY: __________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt