Dear Mr. Williams, Jr.:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Plaquemines Parish Government, you have asked for our opinion on the legality of assessing tolls in differing amounts from passengers aboard the Plaquemines Parish Ferry. The Plaquemines Parish Government would like to raise fees for "non-resident" passengers to complement the taxes that are paid annually by Plaquemines Parish residents.
The Fourteenth Amendment to the United States Constitution
provides, in part, that "[n]o State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." Additionally, Louisiana Constitution Article I, § 3 provides:
"No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime."
Generally, a state constitutional guarantee of equal protection mandates that state laws affect alike all persons and interests similarly situated. Beauclaire v. Greenhouse, 2005-0765 (La. 2/22/06), 922 So.2d 501. This guarantee does not remove from the legislature all power of classification, or require absolute equality or precisely equal advantages; the law merely requires equal application in similar circumstances. Id.
In Sibley v. Board of Supervisors of Louisiana State University,477 So.2d 1094 (La. 1985), the Louisiana Supreme Court set forth the proper analysis for determining *Page 2 
whether an equal protection violation has occurred. The Louisiana Supreme Court explained:
"Article I, Section 3 commands the courts to decline enforcement of a legislative classification of individuals in three different situations: (1) When the law classifies individuals by race or religious beliefs, it shall be repudiated completely; (2) When the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused unless the state or other advocate of the classification shows that the classification has a reasonable basis; (3) When the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantaged class shows that it does not suitably further any appropriate state interest." [Footnotes omitted.]
Based upon the information provided to us, the proposed fee increase appears to be based on residency. Pursuant to Sibley, a classification based on residency is legal and acceptable provided it suitably furthers an appropriate state interest.
La.Rev.Stat. 48:1093 provides the following with respect to the general purposes and powers of ferry authorities:
§ 1093. General purposes and powers
Every authority incorporated under this Part shall be for the purpose of constructing or acquiring toll bridges and ferries to improve and extend the highway system of the State of Louisiana and, subject to the consent of the affected local governmental bodies, shall also be authorized to construct or acquire transit systems, terminals and in the case of the Mississippi River Bridge Authority such parking facilities as may be required on the west bank of the Mississippi River within its jurisdiction in connection with its toll bridges and ferries so as to supplement and augment the effectiveness of its bridges and ferries and better provide for the mass movement of people; provided, however, that no such authority shall construct a transit system, in competition with an existing transit system, nor shall any such authority expropriate any portion of an existing transit system unless the entire system is purchased. It is further provided that no State Department of Highways Long Range Highway Fund monies shall be pledged or used to finance any such transit systems and terminals or parking facilities. Every such authority is hereby granted and shall have and may exercise all powers necessary or convenient for the carrying out of said purposes, including, but without limiting the generality of the foregoing, the following rights and powers:
 * * * *Page 3 
(7) To fix, alter, charge and collect fares and tolls, at reasonable rates to be determined exclusively by it, for the purpose of providing for the payment of the expenses of the authority, the construction, improvement, repair, maintenance and operation of its facilities and properties, the payment of the principal of and the interest upon its obligations, and to fulfill the terms and provisions of any agreements made with the purchasers, or holders of any such obligations;
 * * *
Pursuant to La.Rev.Stat. 48:1093, the Plaquemines Parish Ferry Board has the authority to regulate traffic on the Plaquemines Parish Ferry and has the specific authority to fix, alter, charge and collect fares and tolls for purposes of providing for the payment of the expenses of the authority, the construction, improvement, repair, maintenance and operation of its facilities and properties.
Such purposes appear to be legitimate and appropriate state interests that a court would recognize. Further, there may be situations where the assessment of differing tolls to passengers would be rationally related and suitably further these legitimate, appropriate state interests.
Notwithstanding, the ultimate question of whether the practice of assessing tolls in differing amounts based on residency is legal and permissible is highly fact-specific and would have to be decided by the courts based on evidence regarding the relation between the assessment of differing tolls to the appropriate state interest. As a general rule, the Attorney General's Office refrains from conducting factual evaluations. As such, the legality of assessing differing tolls, as discussed herein, cannot be determined in this opinion.
We hope the foregoing is helpful to you. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL By: __________________________ MICHAEL J. VALLAN Assistant Attorney General JDC/MJV/crt