PER CURIAM.
 
 *
 

 11 Neal Dauzat and the City of Marksville invoke the appellate jurisdiction of this court pursuant to La. Const, art. V, § 5(D), on the ground the district court declared La. R.S. 13:5105(D) to be unconstitutional.
 

 Preterraitting the merits, we find the issue of constitutionality was not properly raised in this case. In
 
 Vallo v. Gayle Oil Company, Inc.,
 
 94-1238 (La.11/20/94), 646 So.2d 859, we explained the unconstitutionality of a statute must be specially pleaded in the district court:
 

 Our Code of Civil Procedure does not require a single procedure or type of proceeding for challenging or assailing the constitutionality of a statute. However, the long-standing jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized.
 

 The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. LSA-C.C.P. art. 852. Therefore, when the uneonstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings. [emphasis added; citations and footnotes omitted]
 

 |2A review of the record indicates the issue of constitutionality was first raised in plaintiffs’ memorandum in support of its “Motion To Strike Jury Demand and Jury Trial.” As explained in
 
 Vallo,
 
 a memorandum is not a pleading recognized under the Code of Civil Procedure, and is therefore not a proper method to challenge the constitutionality of a statute.
 

 Accordingly, we vacate the judgment of the district court. The case is remanded to the district court to allow plaintiffs to specially plead the uneonstitutionality of La. R.S. 13:5105(D), should they wish to do so, and for the issue to be fully litigated.
 
 [1]
 

 See
 
 La.Code Civ. P. art. 2164;
 
 Summerell v. Phillips,
 
 258 La. 587, 247 So.2d 542 (1971).
 

 *
 

 Chief Justice Kimball not participating in this opinion.
 

 [1]
 

 . We note the parties have suggested the issues in this case may be resolved without reaching the constitutionality of La. R.S. 13:5105(D). On remand, the district court should address all relevant statutory grounds for relief prior to reaching the constitutionality of La. R.S. 13:5105(D).
 
 See Capitol City Towing & Recovery v. State,
 
 03-0075 (La.3/21/03), 842 So.2d 321 (holding if the matter can be resolved on statutory grounds rather than constitutional grounds, a declaration of constitutionality is not proper).