PER CURIAM.*
| ,Neal Dauzat and the City of Marksville invoke the appellate jurisdiction of this court pursuant to La. Const, art. V, § 5(D), on the ground the district court declared La. R.S. 13:5105(D) to be unconstitutional.
Pretermitting the merits, we find the constitutionality of La. R.S. 13:5105(D) was not essential to the district court’s judgment. It is well settled that courts should refrain from reaching or determining the constitutionality of legislation unless, in the context of a particular case, resolution is essential to the decision of the case or controversy. Rogoz v. Tangipahoa Parish Council, 08-2789 at p. 5 (La.1/30/09), 21 So.3d 923, 925; Cat’s Meow v. City of New Orleans, 98-0601 at p. 16 (La.10/20/98), 720 So.2d 1186, 1199. Our jurisprudence explains that the practice of courts is “never to anticipate a question of constitutional law in advance of the necessity of deciding it.” Matherne v. Gray Ins. Co., 95-0975 at p. 3 (La.10/16/95), 661 So.2d 432, 434. Hence, courts should avoid constitutional rulings when the case can be disposed of on non-constitutional grounds. Blanchard v. State, 96-0053 (La.5/21/96), 673 So.2d 1000.
In the instant case, the district court granted plaintiffs’ motion to strike defendants’ request for jury trial. Although the district court’s judgment refers to the | constitutionality of La. R.S. 13:5107(D), our review indicates it was not essential for the district court to reach the issue of constitutionality. To the contrary, the district court’s judgment actually avoids the constitutional issue by implicitly holding it would be a violation of equal protection to interpret La. R.S. 13:5107(D) in such a way as to allow defendants to obtain a jury trial under these facts. By following what it believed to be the proper statutory interpretation of La. R.S. 13:5107(D), as set forth by this court in Beauclaire v. Greenhouse, 05-0765 (La.2/22/06), 922 So.2d 501, the district court concluded it was required to strike defendants’ jury trial request to prevent what it perceived as an equal protection violation. Because the district court granted the relief requested by plaintiffs through an interpretation of La. R.S. 13:5107(D), there was no need for the court to reach or pass on the statute’s constitutionality; thus, any reference to *242 constitutionality in the court’s judgment is not essential to its holding.
Under these circumstances, we find the district court resolved this case on non-constitutional grounds. This court therefore lacks appellate jurisdiction over the judgment at issue. Review of this interlocutory judgment rests within the supervisory jurisdiction of the court of appeal pursuant to La. Const. Art. V, § 10(A). Accordingly, we transfer the ease to the court of appeal, which is instructed to treat defendants’ appeal as an application for supervisory writs, and to consider it on the merits.[1]

 Chief Justice Kimball not participating in this opinion.

. We express no opinion on the correctness of the district court’s judgment striking defendants' jury trial request. However, we note defendants assertion that under our decision in Beauclaire, their jury trial request may not violate equal protection, if the court finds plaintiffs also had an adequate opportunity to request a jury trial.