JOHNSON, Justice.
| jThis writ application concerns Defendants’ entitlement to trial by jury. Specifically, we must determine whether this Court’s holding in Beauclaire v. Greenhouse [1] mandates that a resolution in accordance with La. R.S. 13:5105, waiving the prohibition against jury trials in suits against a political subdivision, must be passed by the political subdivision prior to a plaintiff filing suit for the political subdivision to be entitled to a trial by jury.
For the reasons that follow, we find Defendants are entitled to trial by jury, and therefore reverse the rulings of the lower courts.
FACTS AND PROCEDURAL HISTORY
This case arises out of a motor vehicle accident which occurred on May 26, 2004, when Neil Dauzat, an employee of the City of Marksville (“City”), struck a vehicle operated by Daisy Marcile while he was backing an emergency fire department vehicle into the Marksville Fire Station. As a result, Ms. Marcile and her passengers (“Plaintiffs”) were injured.
On July 3, 3004, Plaintiffs filed suit against Mr. Dauzat and the City | ¡^“Defendants”), seeking personal injury damages arising from the accident. On September 8, 2004, the City approved a resolution waiving the prohibition against jury trials pursuant to the provisions of La. R.S. 13:5105.[2] Specifically, the resolution provides:
BE IT RESOLVED that it is in the best interest of the City of Marksville to waive the prohibition against jury trials in litigation against this political subdivision, and to authorize any attorney representing the City of Marksville to waive the prohibition against jury trials by demanding same in any pending lawsuit or any future lawsuit, as he deems ap *337 propriate. This resolution hereby effectively waives the prohibition against a jury trial in accordance with R.S. 13:5105.
City of Marksville, LA., Res. 2004-130 (2004). On September 13, 2004, Defendants filed an answer and requested a trial by jury, which the trial court granted.
The case was subsequently set for jury trial on six occasions between 2005 and 2009, but continued for various reasons. On March 17, 2010, Plaintiffs filed a “Motion to Strike Jury Demand and Jury Trial,” arguing Defendants could not demand a jury trial because the City failed to pass a resolution entitling it to a jury trial prior to the filing of Plaintiffs’ suit. In support, Plaintiffs relied on Beauclaire v. Greenhouse, supra, arguing that case found La. R.S. 13:5105, which grants a political subdivision the right to waive the statutory prohibition against a jury trial, ^constitutional and not violative of the equal protection clause if the political subdivision’s resolution allowing jury trials was passed prior to filing suit.
Defendants opposed the motion, arguing Beauclaire did not compel the trial court to strike the jury. Defendants read Beau-claire to hold that as long as both parties have the opportunity to request a trial by jury, there are no equal protection impediments to resolutions passed by political subdivisions under La. R.S. 13:5105. Noting Plaintiffs had several opportunities to request a trial by jury, Defendants argued their request for jury trial was not prohibited by Beauclaire.
The trial court granted the motion to strike the jury trial, and ordered the case be tried as a bench trial. The trial court stated in oral reasons for judgment:
I’m going to follow the precedence of the doctrine in Beauclaire. I don’t see any need to go farther and try to differentiate some cases then in Beauclaire. We were talking about the equal protection clause. I would assume that some of this language was in the Beauclaire case at the time suit was filed. I thought that the language was noted in Beau-claire by the Supreme Court. And they noted in that case now the jest [sic] of the case to this Court was that because of the time suit was filed either party was entitled to request a jury trial. Therefore, there was no discrimination[,] no violation of equal protection clause. I am going to adhere to this doctrine and I will therefore grant the Motion to Strike the Jury Demand and Jury Trial.
Defendants sought supervisory review from this ruling. The court of appeal granted the writ and vacated the trial court’s ruling on the ground the motion to strike asserted La. R.S. 13:5105 is unconstitutional, and the record did not indicate the Attorney General was served with the motion.[3] On remand, Plaintiffs filed a second motion to strike the jury. The trial court entered a second order declaring La. R.S. 13:5105 unconstitutional, and ordering a bench trial.
Following the trial court’s ruling, Defendants moved for a devolutive appeal to this court, which the trial court granted. After the appeal was lodged, but prior to Ldocketing, this Court vacated the trial court’s judgment on procedural grounds, and remanded the matter to the trial court to allow Plaintiffs to specifically plead the unconstitutionality of La. R.S. 13:5105(D).[4]
On remand, Plaintiffs filed a “First Supplemental and Amending Petition,” alleging La. R.S. 13:5105(D) was unconstitu *338 tional since “the resolution was enacted after the filing of the lawsuit by the plaintiffs.” Plaintiffs requested a bench trial, and Defendants answered, requesting a jury trial. In response, Plaintiffs filed a third motion to strike the jury trial. After a hearing, the trial court granted the motion and declared La. R.S. 13:5105 unconstitutional as applied under the present facts, by violating Plaintiffs’ right to equal protection. The trial court stated:
IT IS ORDERED, ADJUDGED AND DECREED THAT the motion be and is hereby granted as defendants’ demand for trial by jury under La. R.S. 13:5105 is unconstitutional by violating the plaintiffs’ right to equal protection.
Defendants once again moved for a de-volutive appeal, which the trial court granted. After the appeal was lodged, but prior to docketing, this Court transferred the case to the court of appeal with instructions to consider the appeal as an application for supervisory writs, and to consider it on the merits on the ground the constitutionality of La. R.S. 13:5105(D) was not essential to the trial court’s judgment. This Court stated in a per curiam opinion: [5]
In the instant case, the district court granted plaintiffs’ motion to strike defendants’ request for jury trial. Although the district court’s judgment refers to the constitutionality of [La. R.S. 13:5105(D) ], our review indicates it was not essential for the district court to reach the issue of constitutionality. To the contrary, the district court’s judgment actually avoids the constitutional issue by implicitly holding it would be a violation of equal protection to interpret [La. R.S. 13:5105(D) ] in such a way as to allow defendants to obtain a jury trial under these facts. By following what it believed to be the proper statutory interpretation of [La. R.S. 13:5105(D) ], as set forth by this court in Beauclaire v. Greenhouse, 05-0765 (La.2/22/06), 922 So.2d 501, the district court concluded it was required to strike defendants’ jury trial request to prevent what it perceived as an equal protection violation. Because the district court granted the relief requested by plaintiffs through an interpretation of [La. R.S. 13:5105(D) ], there was no need for the court to reach or pass on the statute’s constitutionality; thus, any reference to constitutionality in the court’s judgment is not essential to its holding.
Under these circumstances, we find the district court resolved this case on non-constitutional grounds. This court therefore lacks appellate, jurisdiction over the judgment at issue. Review of this interlocutory judgment rests within the supervisory jurisdiction of the court of appeal pursuant to La. Const. Art. V, § 10(A). Accordingly, we transfer the case to the court of appeal, which is instructed to treat defendants’ appeal as an application for supervisory writs, and to consider it on the merits.
On remand from this court, the court of appeal denied the writ, stating “[w]e find no error in the trial court’s ruling.”[6]
Defendants filed the instant writ application in this Court, which we granted.[7]
DISCUSSION
The right to a jury trial in civil cases in Louisiana is provided for by stat *339 ute, namely La. C.C.P. art. 1731(A), which provides “[efccept as limited by Article 1732, the right of trial by jury is recognized.” Arshad v. City of Kenner, 11-1579 (La.1/24/12), 95 So.3d 477, 481. La. C.C.P. art. 1732 provides that a trial by jury shall not be available in several enumerated categories, including “[a]ll cases where a jury trial is specifically denied by law.” Id. (citing La. C.C.P. art. 1732(6)). The Louisiana Governmental Claims Act provides a general prohibition against jury trials in suits against a political subdivision. La. R.S. 13:5105(A). However, the statute allows the political subdivision to waive the prohibition by general ordinance or resolution. La. R.S. 13:5105(D).
In Beauclaire, supra, this Court considered the constitutionality of La. R.S. |613:5105(D). In that case, plaintiffs filed suit against the Avoyelles Parish School Board seeking damages arising out of an automobile accident which occurred on February 11, 2004. The school board passed a resolution waiving the prohibition on jury trials against political subdivisions, in accordance with La. R.S. 13:5105(D), on February 17, 2004. Plaintiffs filed suit several days later, on February 23, 2004. The school board filed an answer in which it requested a jury trial. Thereafter, plaintiffs filed a motion to strike the jury demand, arguing La. R.S. 13:5105(D) was an unconstitutional deprivation of their right to equal protection because it allowed the political subdivision to select the mode of trial. The trial court granted the motion, and declared La. R.S. 13:5105(D) unconstitutional as a violation of the equal protection clause. On direct appeal, we reversed, finding La. R.S. 13:5105(D) was constitutional, as the statute allowed either party to demand a jury trial in accordance with the law once the political subdivision waives the prohibition on jury trials:
By enacting LSA-R.S. 13:5105(D) the legislature has chosen to allow political subdivisions being sued in civil suits to pass a resolution which allows either party to elect a jury trial. Kimball v. Allstate Insurance Company, 97-2885 at 19, 712 So.2d [46] at 60 [(La.1998)]. Waiver of the prohibition against a jury trial by the political subdivision effectively places the parties in an equal status in their right to access a jury trial. Prior to waiver, both parties are bound by the provision of LSA-R.S. 13:5105(A) which bans jury trials against political subdivisions of the state. Once the jury trial prohibition is waived in accordance with Section D, either party may demand a jury trial in accordance with law, subject to the rights to and limitations upon a jury trial as provided in LSA-C.C.P. arts. 1731 and 1732. Execution of a waiver by a political subdivision returns the parties to the status occupied if the prohibition provided in Section A did not exist.
Beauclaire, 922 So.2d at 507.
In this case, both parties make essentially the same arguments as in the lower courts. Defendants dispute the trial court’s interpretation of Beauclaire, and maintain Beauclaire holds that as long as both parties have the opportunity to request a trial by jury, there are no equal protection impediments to resolutions passed by political 17subdivisions under La. R.S. 13:5105. Defendants argue Plaintiffs were not denied equal protection of the law because Plaintiffs had several opportunities to demand a jury trial after the City passed the resolution. Thus, the City’s request for a jury trial is constitutional and should be upheld.[8]
*340 By contrast, Plaintiffs rely solely on Beaudaire to support their position. According to Plaintiffs, the Beaudaire court specifically found the political subdivision’s waiver of the prohibition on jury trials occurred before the plaintiff filed suit, thus allowing the plaintiff an equal opportunity to demand a jury trial. Consequently, under Beaudaire, the Plaintiffs’ contend the City must have passed its resolution before Plaintiffs filed suit, which did not occur in the instant case. .
After considering the record, law and briefs, we must agree with Defendants. First, we note the resolution passed by the City satisfies the requirement set forth by this Court in Arshad that the waiver pursuant to La. R.S. 13:5105(D) be a blanket waiver, waiving the right to a non-jury trial in all cases, not in a specific suit. Arshad, 95 So.3d at 486-87. The language of the City’s waiver specifically applies to “any pending lawsuit or any future lawsuit.” We further note that Plaintiffs’ Petition for Damages contains no allegation suggesting their damages fall below the requisite amount to be entitled to trial by jury. Thus, finding no issue with the waiver itself, and finding, no apparent bar to a jury trial based on Plaintiffs’ Petition, we must determine whether Beaudaire prohibits the waiver from applying to this case.
In reaching our decision in Beaudaire, finding La. R.S. 13:5105(D) did not violate the equal protection clause, we found there was no discrimination because |Reither party was entitled to request a jury trial at the time suit was filed. However, our focus was on each party’s access to a jury trial:
In this matter, the Avoyelles Parish School Board waived the prohibition against civil jury trials by resolution passed on February 17, 2004. Thus, the waiver was in effect prior to plaintiffs filing suit. At the time suit was filed either party was entitled to request a jury trial. Thus, there was no discrimination. Because both parties had equal access to a jury trial, and are treated the same, there is no violation of the equal protection clause.
Beaudaire, 922 So.2d at 507-08 (emphasis added). Thus, the determinative question is whether both parties had equal opportunity to request trial by jury.
Based on our review of the record, we find Plaintiffs had an equal opportunity to request a jury trial pursuant to La. C.C.P. art. 1733. La. C.C.P. art. 1733(C) provides: “The pleading demanding a trial by jury shall be filed not later than ten days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for a trial by jury.” (Emphasis added). In Barberito v. Green, 275 So.2d 407 (La.1973), this Court considered the meaning of the phrase “the last pleading directed to such issue.”[9] In Barberito, the plaintiffs filed a motion for jury trial within ten days after defendants’ answer to plaintiffs’ amended petition seeking increased damages. The trial court denied the plaintiffs’ motion for jury trial on the basis that the supplemental petition did *341 not raise a new issue. The court of appeal agreed, reasoning the trial court correctly denied the right to jury trial because the plaintiffs could not use an amended pleading to give rise to a new right to a jury trial on issues that were raised in the original pleadings. However, this Court reversed, finding no requirement in Article 1782 that the motion for a jury trial must be filed not later than ten days after the service of the last | ¡pleading raising a new issue. Barberito, 275 So.2d at 409. This Court noted that plaintiffs’ petition raised two principal issues — liability and damages. Further, in the supplemental petition, plaintiffs increased the demand for damages for future medical expenses and future loss of wages. Thus, the answer of the defendants to this supplemental petition was the last pleading directed to the issue of damages (i.e., issue triable by a jury), and plaintiffs’ motion for jury trial filed within ten days thereof was therefore timely. Id. at 410. See also, Trichel v. Caire, 395 So.2d 952 (La.App. 2nd Cir.1981), writ denied, 399 So.2d 623 (La.1981); City Stores Co. v. Johns-Manville Sales Corp., 395 So.2d 953 (La.App. 4th Cir.1981).
The record in the case reflects the following relevant filings:
• 7/30/04 — Plaintiffs’ petition filed
• 9/8/04 — the governing body of the City of Marksville adopted an ordinance allowing the City of Marksville to waive the prohibition against jury trials in accordance with La. R.S. 13:5105
• 9/13/04 — Defendants filed an answer and requested trial by jury
• 12/22/06 — Defendants filed a first supplemental and amending answer to the plaintiffs’ petition, adding affirmative defenses
• 3/17/10 — Plaintiffs filed a motion to strike jury demand
Thus, based on the record, the last pleading directed to an issue triable by jury (i.e., liability) was Defendants’ supplemental answer to the Plaintiffs’ petition, filed on December 22, 2006. Plaintiffs were afforded the opportunity to request a jury trial within ten days of service of that pleading pursuant to La. C.C.P. art. 1733. We also note Plaintiffs had an opportunity to request a jury trial earlier, following the filing of Defendants’ original answer.
While the facts of this case present a different timeline than Beauclaire for the execution of the waiver, this case presents the same deciding factor — both parties had equal access to a jury trial. The fact that Plaintiffs did not have the opportunity to ask | tnfor a jury trial on the date suit was filed is not determinative. Beauclaire does not mandate the jury trial resolution must always be passed prior to the filing of suit. Rather, our holding in Beauclaire simply requires each party have an equal opportunity to request a jury trial.
Further, it is clear from the record, and Plaintiffs’ counsel admitted at oral argument, that Plaintiffs do not want a jury trial in this matter. Thus, Plaintiffs’ argument is based on the assertion that they were deprived of an opportunity which they do not wish to take advantage of. It is impossible for us to find Plaintiffs were prejudiced in any way by their inability to request a jury trial on the date their suit was filed because they had ample opportunity to request a jury if they had desired.
CONCLUSION
Under the facts presented in this case, the fact that the City’s resolution was passed after the original petition was filed did not deprive Plaintiffs of the opportunity to later file a motion for jury trial. Thus, we hold the trial court erred in its reliance on Beauclaire to strike Defendants’ right to- trial by jury. For the *342 above reasons, we reverse the rulings of the lower courts striking Defendants’ demand for trial by jury.
DECREE
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
KNOLL, J., concurs in the result with reasons.

. 05-0765 (La.2/22/06), 922 So.2d 501.

. La. R.S. 13:5105 provides, in pertinent part:
A. No suit against a political subdivision of the state shall be tried by jury. Except upon a demand for jury trial timely filed in accordance with law by the state or a state agency or the plaintiff in a lawsuit against the state or state agency, no suit against the state or a state agency shall be tried by jury.
[[Image here]]
D. Notwithstanding the provisions of Subsection A, a political subdivision, by general ordinance or resolution, may waive the prohibition against a jury trial provided in Subsection A of this Section. Whenever the jury trial prohibition is waived by a political subdivision, and a jury trial is demanded by the political subdivision or the plaintiff in a suit against the political subdivision or against an officer or employee of the political subdivision, the demand for a jury trial shall be timely filed in accordance with law. The rights to and limitations upon a jury trial shall be as provided in Code of Civil Procedure Articles 1731 and 1732. [emphasis added]

. Marcile v. Dauzat, 10-535 (La.App. 3 Cir. 5/24/10) (unpublished).

. Marcile v. Dauzat, 10-1822 (La.9/24/10), 44 So.3d 678.

. Marcile v. Dauzat, 11-0099 (La.3/4/11), 56 So.3d 240.

. Marcile v. Dauzat, 11-268 (La.App. 3 Cir. 6/29/11) (unpublished).

. Marcile v. Dauzat, 11-1509 (La.3/30/12) 85 So.3d 99.

. In a second assignment of error, Defendants alternatively argue that Plaintiffs waived the right to object to Defendants' demand for trial by jury by not objecting to five prior "Notices *340 of Trial by Jury” and by not seeking review of the trial court’s 2006 judgment recognizing Defendants' right to trial by jury when it amended the Notice of Jury Trial to provide Defendants were not obligated to furnish any court costs or bonds in advance. Because we resolve the matter on other grounds, we pre-termit discussion of this assignment of error.

. The substance of Article 1733 was formerly contained in Article 1732. Former Article 1732 provided: "A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue.”