I ¡.WHIPPLE, J.
Plaintiffs, Sherwood Forest Citizens Association, Inc., Guy H. Mikes, Michael Morganti and Guy Patton, appeal from a judgment of the trial court denying their request for injunctive relief and declaratory judgment against defendants, Peter W. Newkirk and Margaret J. Newkirk. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The Newkirks hired a contractor to build a wrought iron fence around their property in North Sherwood Forest Subdivision located in Baton Rouge, Louisiana. Construction began on December 6, 2001, when the contractor set the posts for the fence. On December 12, 2001, the New-kirks met with the Board of Directors of the Sherwood Forest Citizens Association and presented plans and pictures of the wrought iron fence. Newkirk testified *1206 that those present at the meeting agreed that in order for the fence to go up, amendment of the subdivision building restrictions was necessary.
However, on December 20, 2001, New-kirk received a letter from John Hough, the Sherwood Forest Citizens Association President, informing him that the board officially opposed his plans for a fence in the front yard as proposed and that they had “no choice” but to uphold the subdivision restrictions that were in place. New-kirk responded to Hough by letter dated December 26, 2001, contending that the subdivision restrictions dated November 3, 1955 for the North Sherwood Forest Subdivision had been “legally” amended in accordance with paragraph sixteen (16) of the original ^restrictions.[1] The fence posts remained as initially set until January 4, 2003, when the contractor assembled the rails and pickets. Construction of the fence was fully completed the following week.
On June 26, 2002, plaintiffs filed a petition for injunctive relief and declaratory judgment, naming the Newkirks as defendants therein. Plaintiffs alleged that the Newkirks’ erection of a wrought iron fence around their property constituted a violation of certain provisions of the subdivision building restrictions, citing paragraphs two (2) and eleven (11), filed of record in East Baton Rouge Parish at Original 5, Bundle 3624, as recorded on November 15, 1955, and dated November 3,1955.[2]
The matter was heard by the trial court on May 14, 2003. On June 4, 2003, the trial court rendered judgment, with written reasons, denying plaintiffs’ request for injunctive relief and declaratory judgment, finding that “plaintiffs’ suit was untimely under the terms of the building restrictions [and Uthat] [consequently, the fence is deemed to comply with all applicable provisions of said restrictions.”
Plaintiffs appeal.
On appeal, plaintiffs claim that the trial court erred in: (1) applying the requirement that plaintiffs initiate litigation before completion of short term construction such as a fence; (2) holding that all applicable provisions of the restrictions at issue were complied with, including a specific prohibition against erecting a fence nearer to a street than forty feet and failing to find that the fence as erected constituted a nuisance; (3) failing to address the issue of the effectiveness of the purported amendment filed on December 26, 2001 and related issues presented; and (4) in finding the fencing setback line requirement had been abandoned.
*1207 In its written reasons for judgment, the trial court determined that the “validity of the ‘Newkirk Amendment’ only becomes necessary following resolution of a threshold issue concerning timeliness of the plaintiffs suit.” Paragraph fourteen (14) of the building restrictions provide:
The committee’s approval or disapproval as required in these covenants shall be in writing. In the event the committee, or its designated representative, fails to approve or disapprove within 30 days after plans and specifications have been submitted to it, or in any event, if no suit to enjoin the construction has been commenced prior to the completion thereof, approval will not be required and the related covenants shall be deemed to have [been] fully complied with. (Emphasis added).
The trial court ruled that under the facts of this case, paragraph fourteen (14) was enforceable, and then determined that plaintiffs’ suit was untimely. In denying the plaintiffs’ request for injunctive relief, the trial court further applied the provisions of paragraph fourteen (14) and ruled that the related covenants shall be deemed to have been fully complied with.
|,DISCUSSION
Building restrictions are charges imposed by the owner of an immovable in pursuance of a general plan governing building standards, specified uses, and improvements. LSA-C.C. art. 775; Lake Terrace Property Owners Association v. City of New Orleans, 567 So.2d 69, 74 (La.1990). In the case of building restrictions imposed upon a subdivision, the restrictions may be likened to a contract amongst the property owners and the developer. Woodland Ridge Association v. Cangelosi, 94-2604, p. 5 (La.App. 1st Cir.10/6/95), 671 So.2d 508, 511.
In plaintiffs’ first assignment of error, they argue that time delays set forth in paragraph fourteen (14) should not apply herein as the construction of the fence was a short-term project, citing 4626 Corporation v. Merriam, 329 So.2d 885 (La.App. 1st Cir.), writ refused, 332 So.2d 800 (La.1976).
In 4626 Corporation, an owner/developer brought an action to enjoin a subdivision lot owner from erecting a neon sign on the corner of his lot, to advertise for a business. The pertinent subdivision restrictions therein required that a suit to enjoin construction be commenced prior to the completion of the construction, or approval would not be required. 4626 Corporation, 329 So.2d at 889. Construction of the sign took two weeks and the sign was several months old before the committee notified defendant that there was a problem. 4626 Corporation, 329 So.2d at 888. Suit was not filed before the sign was completed. In 4626 Corporation, this court held that, “[h]owever, (if) by the exact wording, this provision could be applied to signs, the application thereto would render the enforcement of the provision impossible since a sign could be installed before being noticed and certainly before a suit could be prepared and filed.” 4626 Corporation, 329 So.2d at 889. This court concluded that, “[a] more reasonable interpretation [of the provision therein] would be that this 1 ^provision applies only to buildings or structures requiring extended times for erection.” 4626 Corporation, 329 So.2d at 889.
The trial court found the facts of the instant case distinguishable from the underlying facts in 4-626 Corporation, stating as follows:
In 4626 Corporation, the defendant did not submit plans and specifications for the sign in question to the appropriate committee prior to its construction. *1208 Said construction took two weeks. In contrast, on December 12, 2001, the Newkirks did submit plans for the fence to the Sherwood Forest Civic Association, and construction of the fence took just over a month, lasting from December 6, 2001 to January 9, 2002.
This Court finds the facts of the case at bar distinguishable from those of 4-626 Corporation. Plaintiffs had notice of the fence being constructed from December 12, 2001 at the latest, if not earlier. Further, regardless of plaintiffs’ opinion concerning the validity of the “Newkirk Amendment,” upon receiving notice of said amendment from defendants on December 26, 2001, plaintiffs either knéw or should have known that defendants intended to proceed with construction of the fence. Plaintiffs had a reasonable time in which to file suit prior to completion of the fence on January 9, 2002, but failed to bring this action until almost 6 months later.
After careful review, we agree with the trial court’s reasoning. Initially, we note that Michael Morganti, a resident of Sherwood Forest who testified in opposition to the Newkirks, stated that he first noticed the fence being erected when the post holes were being dug, which was as early as December 6, 2001. He stated that it was obvious that a fence was going up; that it was “a slow process”; and that it took a while before the fence was completed, “at least weeks.”.
The record shows that the fence was under construction for, several weeks and, more importantly, that plaintiffs were aware of this construction. The testimony of record establishes that the Newkirks informed the Sherwood Forest Citizens Association of their plans for the fence as soon as concerns over the fence began surfacing. Moreover, Mr. Newkirk’s letter dated December 26, 2001, advised Hough and the Board of the Sherwood Forest |7Citizens Association' of the Newkirks’ contention that the “amended deed restrictions now allow for the fence referenced above and discussed at the December 13, 2001 meeting with [him] and the subcommittee of the Board of Directors of the Sherwood Citizens Association to be constructed” and clearly showed their intent to complete construction of the fence. Instead of timely challenging the validity of the purported amendment after the submission and presentation of plans, and after being informed of the Newkirks’ position that the restrictions had otherwise been legally amended in accordance with the procedure specified elsewhere in the original restrictions, plaintiffs took no legal action until months after the construction and erection of the fence was complete.
Because we find the trial court' correctly determined that plaintiffs failed to timely commence the suit to enjoin the construction of the Newkirks’ fence in accordance with the terms of the building restrictions, we pretermit discussion of plaintiffs’ other assignments of error.
CONCLUSION
For the above and foregoing reasons, the June 4, 2003 judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiffs/appellants, Sherwood Forest Citizens Association, Inc., Guy H. Mikes, Michael Morganti and Guy Patton.
AFFIRMED.

. Paragraph sixteen (16) of the subdivision restrictions provides:
These covenants are to run with the land and shall be binding on all parties and all persons claiming under them for a period of twenty-five years from the date these covenants are recorded, after which time said covenants shall be automatically extended for successive periods of ten (10) years unless an instrument signed by a majority of the then owners of the lots has been recorded, agreeing to change said covenants in whole or in part.
On December 22, 2001, Mr. Newkirk obtained the signatures of certain lot owners purportedly amending the subdivision restrictions to allow his fence. This amendment was recorded on December 26, 2001 in the conveyance records of the Clerk of Court for the Nineteenth Judicial District Court.

. Paragraph two (2) of the building restrictions provides, in part:
No fence or wall shall be erected, placed or altered on any lot nearer to any street than the minimum building setback line unless similarly approved.
Paragraph eleven (11) provides:
No fence shall be erected on said lot beyond the front building setback line of that lot, nor nearer any street than forty (40) feet.