STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0948

JAMES DESLONDE, BRITANY DESLONDE, AND EVAN PLAUCHE

VERSUS

ST. TAMMANY PARISH

Judgment Rendered: _____JUN 0 4 2024_____

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2022-11670

The Honorable John A. Keller, Judge Presiding

Paul E. Harrison
C. deShea Richardson
Shane A. Jordan
Mandeville, Louisiana

Counsel for Plaintiffs/Appellants,
Evan Plauche, Strata Twelve,
L.L.C., and Strata Two, L.L.C.

J. Collin Sims
District Attorney
Alex L. M. Ducros
Assistant District Attorney
Mandeville, Louisiana

Counsel for Defendant/Appellee,
St. Tammany Parish Government

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

McClendon, J. concurs

Hester, J. concurs by [signature]

**MILLER, J.**

The trial court rendered a judgment in favor of the appellee, St. Tammany Parish Government, and against the appellants, Evan Plauche, Strata Two, L.L.C., and Strata Twelve, L.L.C., and dismissed the appellants' claims with prejudice. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

The appellants, Evan Plauche ("Plauche"), Strata Two, L.L.C. ("Strata Two"), and Strata Twelve, L.L.C. ("Strata Twelve"), are the owners of property in St. Tammany Parish in Slidell, Louisiana.[1] On July 8, 2021, the St. Tammany Parish Council adopted St. Tammany Parish Council Ordinance No. 21-4593 ("Ordinance 21-4593"). Ordinance 21-4593 amended and reenacted the St. Tammany Parish Code of Ordinances, Chapter 22 Permits, and Chapter 130 Unified Development Code ("UDC"), to provide definitions and regulations regarding short-term rentals; to promote the health, safety, and general welfare, and consistency with the comprehensive plan; to add short-term rentals as a permitted use in certain commercial and mixed-use zoning districts within unincorporated St. Tammany Parish; and to provide for permitting of short-term rentals, and penalties and fines for violations.

In response, on April 20, 2022, the plaintiffs, James Deslonde, Britany Deslonde, and Plauche filed a petition for preliminary and permanent injunction, declaratory judgment, and for damages against St. Tammany Parish Government ("Parish").[2] The plaintiffs contended that they rented their properties on a short-

---

[1] Plauche is the owner of 320 Windward Passage, Slidell, Louisiana 70458; 114 Rampage Loop, Slidell, Louisiana 70458; 117 Rampage Loop, Slidell, Louisiana 70458; and 111 Ondine Lane, Slidell, Louisiana 70458. Additionally, on November 30, 2021, Plauche acquired 112 Barbara Lane, Slidell, Louisiana 70458. Strata Twelve was the owner of 112 Barbara Lane, Slidell, Louisiana 70458 before it transferred that property to Plauche. Strata Two is the owner of 116 Blackfin Cove, Slidell, Louisiana 70458.

[2] The Deslonde Property is zoned with the A-2 Suburban District residential zoning classification, and Plauche's properties are all zoned with the A-4 Single-Family Residential District residential zoning classification.

term basis until Ordinance 21-4593, along with other ordinances and laws, banned short-term rentals in residentially zoned areas.[3] Specifically, they argued they were entitled to an injunction ordering the Parish to issue short-term rental licenses; they were entitled to have their properties declared legal nonconforming uses; and they were entitled to damages incurred by the unconstitutional enforcement actions of the Parish.

The Parish filed an answer asserting affirmative defenses and urging peremptory exceptions of no cause of action and no right of action, contending that Plauche had no right to assert any claims on behalf of Strata Two and Strata Twelve.[4] The trial court granted the exceptions and ordered the plaintiffs to amend their petition and add Strata Two and Strata Twelve as plaintiffs. Accordingly, the plaintiffs filed a "First Supplemental and Amending Petition," adding Strata Two and Strata Twelve as plaintiffs.[5]

Prior to trial, the parties agreed Ordinance 21-4593 did not apply retroactively, and that the issue before the court was the application and interpretation of St. Tammany Parish Council Ordinance No. 07-1548 ("Ordinance 07-1548") and whether it permits short-term rentals. The St. Tammany Parish Council adopted Ordinance 07-1548 on May 3, 2007, when adopting the UDC. The sections of the UDC governing the purpose and permitted uses for the A-4 zoning classification were codified in Ordinance 07-1548.

---

[3] The plaintiffs alleged that the following parish ordinances applied to regulate the use of their properties: UDC Sec. 130-3, Application of District Regulations; UDC Sec. 130-162, Legal Nonconforming Uses; UDC Sec. 130-507, Permitted Uses (A-4(D) Single-Family Residential District); UDC Sec. 130-447, Permitted Uses (A-2(D) Suburban District); and Code of Ordinances Sec. 22-587, Definitions.

[4] Strata Two is a limited liability company and serves as an IRA Financial Trust whose sole beneficiary is Plauche. Strata Twelve is a limited liability company, and its sole member is Plauche.

[5] In their supplemental and amending petition, the plaintiffs alleged that UDC Sec. 130-446, A-2(D) Suburban District and UDC Sec. 130-506, A-4(D) Single-Family Residential District were applicable.

A bench trial was held, and at the conclusion of the trial, the court took the matter under advisement. On March 23, 2023, the trial court signed a judgment in favor of the Parish and against the plaintiffs, dismissing the plaintiffs' petition with prejudice, with each party to bear their own cost. The judgment stated that the plaintiffs "failed to carry their burden of proof that the properties were legal under Ordinance 07-1548 and, therefore, the properties [could not] be grandfathered in as non-conforming use."

Plauche, Strata Two, and Strata Twelve appealed[6], contending the trial court erred when it found the appellants' short-term rental of their properties was "strictly commercial use" rather than "residential use," and the trial court erred in determining that the short-term rental of the appellants' properties were not legal nonconforming uses.[7] Further, the appellants contend that UDC Sec. 130-506, A-4(D) Single-Family Residential District is unconstitutionally vague and overbroad,[8] they were denied equal protection of the laws, and their procedural and substantive due process rights under the United States and Louisiana Constitutions were violated.

---

[6] The motion and order for suspensive appeal states James Deslonde, Britany Deslonde, Plauche, Strata Two, and Strata Twelve are the parties appealing. However, neither James Deslonde nor Britany Deslonde filed a brief with this court.

[7] Unified Development Code, Section 130-506 is titled A-4(D) Single-Family Residential District and provides that the district is limited to single-family residential dwellings and all strictly commercial uses are prohibited. Further, UDC Sec. 130-162 is titled Legal Nonconforming Uses and defines legal nonconforming uses as any use lawfully existing at the time of enactment of the ordinance.

[8] While the appellants contend UDC Sec. 130-506 is unconstitutionally vague and overbroad, their brief contains no argument pertaining to UDC Sec. 130-506 being unconstitutionally overbroad. Pursuant to Rule 2-12.4(B)(4) of the Uniform Rules of Louisiana Courts of Appeal, all specifications or assignments of error must be briefed, and the appellate court may consider as abandoned any specification or assignment of error that has not been briefed. Since the appellants' argument regarding UDC Sec. 130-506 being unconstitutionally overbroad was not briefed, we consider that portion of assignment of error number seven abandoned.

4

## DISCUSSION

### Unified Development Code, Section 130-506

In their first, second, third, fourth, and fifth assignments of error, the appellants contend the trial court erred in finding the short-term rental of their properties was a "strictly commercial use" rather than a "residential use," in violation of UDC Sec. 130-506. The appellants sought a mandatory injunction ordering the Parish to issue short-term rental licenses so they would be able to continue renting their properties located in the A-4(D) Single-Family Residential District on a short-term basis.

The issuance of a permanent injunction takes place only after a trial on the merits, in which the burden of proof must be met by a preponderance of the evidence. State Machinery & Equipment Sales, Inc. v. Iberville Parish Council, 2005-2240 (La. App. 1st Cir. 12/28/06), 952 So. 2d 77, 81. The manifest error standard is the appropriate standard of review for the issuance or denial of a permanent injunction. Davenport v. Chew, 2023-0036 (La. App. 1st Cir. 9/15/23), 375 So. 3d 973, 976.

The appellants argue that when Plauche uses the short-term rental properties for his personal use, his use of the properties is residential in nature. They further maintain that the short-term rental of the properties is not a strictly commercial use because they are renting the properties for residential purposes, such as to eat, to sleep, to bathe, and to cook. On the other hand, the Parish argues that the short-term rental of the properties is a strictly commercial use and the fact that Plauche stays at some of the properties periodically does not recast the short-term rental of the properties into a residential use.

The statutory and jurisprudential rules for statutory construction and interpretation apply to ordinances. See Varner v. Day, 2000-2104 (La. App. 1st Cir. 12/28/01), 806 So. 2d 121, 125. The paramount consideration in statutory

5

interpretation is ascertaining the legislative intent and the reason or reasons that prompted the legislative body to enact the law. Theriot v. Midland Risk Insurance Company, 95-2895 (La. 5/20/97), 694 So. 2d 184, 186. The starting point in the interpretation of any statute is the language of the statute itself. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. However, "[w]hen the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law." La. C.C. art. 10.

The Unified Development Code, Section 130-506, "A-4(D) Single-Family Residential District," provides:

> The A-4(D) Single-Family Residential District is intended to provide single-family residential dwellings in a setting of moderate urban density. Central utility systems, convenience to commercial and employment centers and efficient access to major transportation routes are locational characteristics of this district. **To protect the intention of the district, permitted activities are limited to single-family dwellings and utility uses. All strictly commercial uses are prohibited in the A-4(D) Single-Family Residential District.** Planned unit development overlays may be used in the A-4(D) Single-Family Residential District.

(Emphasis added.)

Further, UDC Sec. 130-507, titled "Permitted Uses," provides, in part, that only the following uses shall be allowed in the A-4(D) Single-Family Residential District: (1) residential uses including one single-family dwelling; (2) accessory uses including private garages and accessory structures and a garage apartment or guest house under 1,000 square feet; (3) miscellaneous uses including community central water treatment, well, and storage facilities and household agriculture; and (4) similar and compatible uses including other uses which are similar and compatible with the allowed uses of the A-4 Single-Family Residential District as determined by the director of planning and development.

6

Under UDC Sec. 130-5, "Definitions," "use" is defined as any activity, occupation, business, or operation carried on within a building structure or tract of land, and "residence" means a home, abode, or place where an individual is actively living at a specific point in time. Further, "single-family" is defined as one dwelling unit located on a lot, and "dwelling, single-family" means a dwelling containing accommodations for and occupied by one family unit. UDC Sec. 130-5. Additionally, Black's Law Dictionary defines "commercial use" as use that is connected with or furthers an ongoing profit-making activity. Black's Law Dictionary (11th ed. 2019). We are aware of no jurisprudence from this Court or the Louisiana Supreme Court addressing whether the short-term rental of a home is considered a residential or commercial use. "Short-term rental" was not defined under Ordinance 07-1548. However, under Ordinance 21-4593, "short term rental" means a dwelling unit, whether single family or multi-family, rented for a period of less than thirty days and includes any establishment or person engaged in the business of furnishing one or more sleeping rooms, cottages, cabins, or any other similar lodging to transient guests in a location including but not limited to a house, apartment, condominium, camp, cabin, or other building structure used as a residence.

We find that UDC Sec. 130-506 is clear and unambiguous. The law clearly provides that the "permitted activities are limited to single-family dwellings and utility uses" and that "[a]ll strictly commercial uses are prohibited in the A-4(D) Single-Family Residential District." Additionally, the application of UDC Sec. 130-506 does not lead to absurd consequences. Zoning is typically regulated in this manner, and the Parish may regulate residential uses and commercial uses of certain areas.[9] Therefore, the law must be applied as written. See La. C.C. art. 9.

---

[9] A local government's right to implement zoning districts within its jurisdiction is expressly set forth in Louisiana Constitution, Article VI, Section 17. We review this concept more thoroughly under the seventh and eighth assignments of error.

Still, we must determine whether the short-term rentals are strictly commercial, and thus prohibited.

The appellants rely on a variety of cases from other states in support of their position that the short-term rental of property is a residential use. For example, in Tarr v. Timberwood Park Owners Association, Inc., 556 S.W.3d 274, 61 Tex. Sup. Ct. J. 1174 (Tex. 2018), the subdivision deed provided, "[a]ll tracts shall be used solely for residential purposes..." and "[n]o building, other than a single family residence... shall be erected or constructed on any residential tract..." Tarr, 556 S.W.3d at 285-86. The Texas Supreme Court held that neither the single-family residence limitation nor the provision requiring all tracts be used solely for residential purposes precluded the use of the home as a short-term rental because the single-family restriction was for architectural limitations for buildings and residential purposes was defined in contrast to business purposes rather than in the sense of an intent to remain. Tarr, 556 S.W.3d at 291-92.

Next, in In re Toor, 2012 VT 63, 192 Vt. 259, 59 A.3d 722 (2012), the permitted use for a single-family dwelling was defined (zoned) as "[l]iving quarters with cooking, sleeping and sanitary facilities provided within a dwelling unit for the use of a single family maintaining a household." In re Toor, 192 Vt. at 267, 59 A.3d at 727. The Supreme Court of Vermont held that renting out the home did not constitute a change in use so the owners were not required to obtain a zoning permit before renting it. In re Toor, 192 Vt. at 267-68, 270, 59 A.3d at 728-29.

In Wilkinson v. Chiwawa Communities Association, 180 Wash. 2d 241, 327 P.3d 614 (2014), the court had to determine whether short-term rentals conflicted with the community covenants, which provided that "[l]ots shall be utilized solely for single family residential use consisting of single residential dwelling" "... nor shall any lot be utilized for industrial or commercial use." Wilkinson, 180 Wash.

2d at 246-47, 327 P.3d at 617. The Supreme Court of Washington found that short-term rentals did not violate the ban on commercial use because a tenant's use of the property would remain residential regardless of the duration of the rental and did not violate the requirement that structures be suitable for single-family residential use because the single-family residential use restriction limited the type and appearance of buildings rather than the persons who could reside there. Wilkinson, 180 Wash. 2d at 262, 327 P.3d at 625.

Finally, in Slaby v. Mountain River Estates Residential Association, Inc., 100 So. 3d 569 (Ala. Civ. App. 2012), a restrictive covenant stated, "The subject property is restricted to single family residential purposes only. No commercial... use shall be permitted." Slaby, 100 So. 3d at 571. The Court of Civil Appeals of Alabama found neither the covenant restricting use of the property to "single family residential purposes only" nor the covenant restricting commercial use of the property prohibited the cabin owners from renting their cabin on a short-term basis to various groups to eat, sleep, or for other residential purposes. Slaby, 100 So. 3d at 582.

In opposition, the Parish also relies on cases from outside of Louisiana to support its position that the short-term rental of property is a commercial use. First, in Working Stiff Partners, LLC v. City of Portsmouth, 172 N.H. 611, 232 A.3d 379 (2019), the Supreme Court of New Hampshire held that the zoning ordinance did not permit property owners' short-term rental of the property because the short-term rental of the property constituted a transient occupancy that was similar to a hotel, motel, or rooming house, which was excluded from the definition of a dwelling unit. Working Stiff Partners, LLC, 172 N.H. at 621, 232 A.3d at 387. Next, in Slice of Life, LLC v. Hamilton Township Zoning Hearing Board, 652 Pa. 224, 207 A.3d 886 (2019), the Supreme Court of Pennsylvania held that the purely transient use of a house, including short-term rentals, was not a permitted use in a

residential zoning district limiting use to single-family homes by "a single housekeeping unit." Slice of Life, LLC, 652 Pa. at 252, 207 A.3d at 903.

Finally, in Edwards v. Landry Chalet Rentals, LLC, 51,883 (La. App. 2 Cir. 2/28/18), 246 So. 3d 754, writ denied, 2018-052 (La. 6/1/18), 244 So. 3d 437, which is the only Louisiana case that discusses whether the short-term rental of property is a commercial use, neighbors brought an action against a homeowner to obtain an injunction against using the property as a short-term rental in violation of the restrictive covenants. The restrictive covenant therein provided, "[n]o lot shall be used for any commercial purposes[.]" Edwards, 246 So. 3d at 755. The Louisiana Second Circuit Court of Appeal affirmed the judgment of the trial court, which permanently enjoined the homeowner from operating a short-term rental business on its property because it violated the restrictive covenants prohibiting use of the property for commercial purposes. Edwards, 246 So. 3d at 758.

We find the line of cases cited by the Parish to be more persuasive and to comport with our understanding of short-term rentals. It is undisputed that the appellants rent their properties as a business endeavor wherein they profit by renting on a short-term basis. Since the short-term rental of the properties is an ongoing profit-making activity, it is a strictly commercial use prohibited by UDC Sec. 130-506. We are not persuaded by the appellants' argument that the short-term rental of the properties is a residential use because the renters use the property in a residential manner, nor are we persuaded by their argument that if Plauche stays at the properties periodically for his personal enjoyment, the short-term rental of the properties is not considered a strictly commercial use. Each short-term rental property is advertised and rented through rental websites, the properties are rented year-round, there is an employee who manages the rentals, and the renters stay at the properties on a transient basis. Accordingly, we conclude the act of renting property on a short-term basis is a strictly commercial use and prohibited by UDC

Sec. 130-506. Thus, we find no manifest error in the trial court's ruling that the short-term rental of the appellants' properties constitutes a strictly commercial use and violates UDC Sec. 130-506. These assignments of error are without merit.

**Unified Development Code, Section 130-162**

In their sixth assignment of error, the appellants contend the trial court erred in finding that the short-term rental of their properties are not legal nonconforming uses under UDC Sec. 130-162. The appellants argue that they are entitled to have their properties declared legal nonconforming uses because they used their properties as short-term rentals prior to the enactment of Ordinance 21-4593. In opposition, the Parish asserts the appellants are not entitled to legal nonconforming use status under UDC Sec. 130-162 because the short-term rental of their properties violated UDC Sec. 130-506 prior to Ordinance 21-4593 being enacted.

A person is entitled to relief by declaratory judgment when his rights are uncertain or disputed in an immediate and genuine situation, and the declaratory judgment will remove the uncertainty or terminate the dispute. Williams v. City of Baton Rouge, 2002-0339 (La. App. 1st Cir. 2/14/03), 848 So. 2d 9, 13. We review a trial court's decision to grant or deny a declaratory judgment under the abuse of discretion standard of review. Goodwin v. City of Mandeville, 2018-1118 (La. App. 1st Cir. 5/31/19), 277 So. 3d 822, 828, writ denied, 2019-01083 (La. 10/8/19), 319 So. 3d 856.

Unified Development Code Section, 130-162, entitled "Legal Nonconforming Uses," provides, in part:

> (a) Legal nonconforming uses shall be defined as **any use lawfully existing at the time of enactment** of the ordinance from which these regulations are derived may be continued as a legal nonconforming use even though such use does not conform to the provisions of these regulations for the zoning district in which it is located. Similarly, whenever a use district shall be changed thereafter, then the existing lawful use may be continued.

11

As previously explained, the short-term rental of the appellants' properties was not a use lawfully existing at the time of the enactment of Ordinance 21-4593. We have already determined that UDC Sec. 130-506, adopted in 2007, prohibits short-term rentals since short-term rentals are considered a strictly commercial use. Thus, when the appellants began using their properties as short-term rentals in 2017, short-term rentals were not allowed. Since the appellants' short-term rental of their properties was not permitted at the time they purchased their properties and began using them as short-term rentals, those rentals of their properties cannot now be declared a legal nonconforming use. Accordingly, we find no abuse the trial court's discretion in determining that the appellants' properties may not be rented on a short-term basis as a legal nonconforming use. This assignment of error is without merit.

**Vagueness, Equal Protection, and Procedural and Substantive Due Process**

In their seventh and eighth assignments of error, the appellants contend the reference to "strictly commercial uses" in UDC Sec. 130-506 is unconstitutionally vague, they were denied Equal Protection of the laws, and their procedural and substantive due process rights were violated under the United States and Louisiana Constitutions.[10]

Questions of law, including issues of constitutionality, are reviewed *de novo*. See State in Interest of J.M., 2013-1717 (La. 1/28/14), 144 So. 3d 853, 859. An ordinance, like a state statute, is presumed to be constitutional. City of Baton Rouge/Parish of East Baton Rouge v. Myers, 2013-2011 (La. 5/7/14), 145 So. 3d 320, 327. In construing an ordinance, courts use the same guidelines as those used

---

[10] When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In a proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard. If the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard. La. C.C.P. art. 1880. Here, the Attorney General was served with the original petition filed on April 2, 2022.

in construing a state statute. The presumption of a statute's constitutionality is especially forceful when statutes are enacted to promote a public purpose. Unlike the federal constitution, our state constitution's provisions are not grants of power, but instead are limitations on the otherwise plenary power of the people. Pursuant to Article VI of the Louisiana Constitution, a municipal authority governed by a home rule charter possesses powers in affairs of local concern within its jurisdiction that are as broad as those of the state, except when limited by the constitution, laws permitted by the constitution, or its own home rule charter. Myers, 145 So. 3d at 327. St. Tammany Parish is governed by a home rule charter, and principles for the determination of the constitutionality of a legislative enactment are equally applicable to the ordinance at issue here. See Fransen v. City of New Orleans, 2008-0076 (La. 7/1/08), 988 So. 2d 225, 234.

Zoning is a general plan designed to foster improvement by confining certain classes of buildings and uses of property to certain localities. The purpose of zoning is to reduce or eliminate the adverse effects that one type of land use might have on another. Jenkins v. St. Tammany Parish Police Jury, 98-2627 (La. 7/2/99), 736 So. 2d 1287, 1290. The authority to enact zoning regulations flows from the police power of governmental bodies and is valid if it bears a rational relation to the health, safety, and welfare of the public. All ordinances are presumed valid; whoever attacks the constitutionality of an ordinance bears the burden of proving his allegation. Morton v. Jefferson Parish Council, 419 So. 2d 431, 434 (La. 1982). To be constitutional, a zoning ordinance must be sufficiently definite to notify citizens of their rights pursuant to the ordinance and must establish adequate standards to govern officials with respect to the uniform treatment of applications for permits under the ordinance. Morton, 419 So. 2d at 434.

13

A local government's right to implement zoning districts within its jurisdiction is expressly set forth in Louisiana Constitution, Article VI, Section 17, which states:

> Subject to uniform procedures established by law, a local governmental subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures. Existing constitutional authority for historic preservation commissions is retained.

The legislature further delineates a local government's zoning authority in La. R.S. 33:4721, *et seq.* and La. R.S. 33:4780.40, *et seq.* For the purpose of promoting health, safety, morals, or the general welfare of the community, the governing authority of any municipality or parish has the authority to regulate and restrict the height, number of stories, and size of structures, the percentage of a lot that may be occupied, the size of yards, courts, and other open spaces, the density of population, and **the location and use of the buildings, structures, and land for trade, industry, residence, or other purposes**; provided that zoning ordinances enacted by the governing authority of municipalities or parishes shall be subject to judicial review on the grounds of abuse of discretion, unreasonable exercise of the police powers, an excessive use of the power granted, or the denial of the right of due process, although the right of judicial review of a zoning ordinance is not limited by the foregoing. See La. R.S. 33:4721 and La. R.S. 33:4780.40. Further, the local governing authority of any municipality or parish may divide the municipality or parish into districts of such number, shape, and area as may be deemed best suited to carry out those purposes. See La. R.S. 33:4722(A) and La. R.S. 33:4780.41. All such regulations are required to be uniform for each class or kind of land and structure throughout each district, but the regulations of one district may differ from those in other districts. See La. R.S. 33:4722(C)(1);

14

La. R.S. 33:4780.41. The Parish's zoning laws are codified in the Land Development Code, which sets forth, under Chapter 130 (UDC), Article IV (Zoning Districts), the zoning districts for St. Tammany Parish and the designated use of each.

In their first constitutional challenge, the appellants contend that UDC Sec. 130-506 is unconstitutional and void on its face. Specifically, the appellants contend that the ordinance's reference to "strictly commercial uses" is unconstitutionally vague, and the appellants could not have known that they were violating the ordinance by renting their properties on a short-term basis.

It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Cartesian Company, Inc. v. Division of Administration Law Ethics Adjudicatory Board Panel A, 2023-00398 (La. 10/20/23), 371 So. 3d 1041, 1054. The United States Supreme Court, in Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494-95, 102 S. Ct. 1186, 1191, 71 L. Ed. 2d 362 (1982), set forth the analysis for a facial challenge to the vagueness of a law:

> The court should . . . examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law.

Before reviewing the ordinance for vagueness in light of the facts, we examine the standards for evaluating vagueness. First, the ordinance must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that they may act accordingly. Second, the ordinance must provide explicit standards for those who apply them. See Cartesian Company, Inc., 371 So. 3d at 1055-56.

15

Unified Development Code, Section 130-506 provides fair warning to persons of ordinary intelligence that in the A-4(D) Single-Family Residential District, the building must be occupied for residential use. The ordinance clearly states that all strictly commercial uses are prohibited. Additionally, UDC Sec. 130-506 does not lend itself to the arbitrary and discriminatory enforcement of the authority to regulate strictly commercial uses in the A-4(D) Single-Family Residential District. Any use that is strictly commercial is prohibited by the ordinance. The phrase at issue prohibits a specific or definite act. Therefore, UDC Sec. 130-506 is not unconstitutionally vague. This assignment of error is without merit.

Next, the appellants contend their procedural and substantive due process rights were violated because they were not provided notice or an opportunity to be heard. They argue that they did not receive any actual notice that short-term rentals were prohibited because UDC Sec. 130-506 did not contain a definition of "strictly commercial uses." Thus, appellants allege that since the term is undefined, they were not provided sufficient notice concerning the permissible uses of their properties.

The Fifth and Fourteenth Amendments provide neither the United States nor state governments shall deprive any person "of life, liberty, or property without due process of law." To establish a claim of a violation of procedural due process, the claimant must show that it was deprived of a property or liberty right and it was not provided with notice and an opportunity to be heard. State v. Golston, 2010-2804 (La. 7/1/11), 67 So. 3d 452, 463. In any due process claim involving the loss of property, the claimant must show the existence of a property interest that has been adversely affected by state action. Martin v. Rush's Fabricare Center, Inc., 590 So. 2d 707, 709 (La. App. 3rd Cir. 1991). Further, persons whose rights may be affected by state action have the right to be heard and in order that they may enjoy

16

that right, they must first be notified. Boudreaux v. Larpenter, 2011-0410 (La. App. 1st Cir. 6/1/12), 110 So. 3d 159, 170.

However, when a governmental action is characterized as legislative, procedural due process requirements do not apply. Zoning decisions by city councils are characterized as legislative or quasi-legislative, thereby negating procedural due process claims. Boudreaux, 110 So. 3d at 170; Messina v. St. Charles Parish Council, 2003-644 (La. App. 5th Cir. 12/30/03), 865 So. 2d 158, 161, writ denied, 2004-0285 (La. 3/26/04), 871 So. 2d 354. The appellants argue they were denied procedural due process because the Parish did not notify them of their violation of UDC Sec. 130-506 or give them a meaningful opportunity to be heard. However, the appellants are precluded from asserting claims of procedural due process violations since the Parish council is a quasi-legislative body. See Messina, 865 So. 2d at 161. Therefore, the adoption of UDC Sec. 130-506 was a legislative function and procedural due process requirements do not apply.

The appellants also contend UDC Sec. 130-506 violated their rights to substantive due process, suggesting they have been deprived of the right to use their property as they desire. The essence of substantive due process is protection from arbitrary and unreasonable action by a governing authority. Boudreaux, 110 So. 3d at 170. In order to prove a violation of substantive due process, the appellants must first establish the existence of a constitutionally protected property or liberty interest. Standard Materials, Inc. v. City of Slidell, 96-0684 (La. App. 1st Cir. 9/23/97), 700 So. 2d 975, 985-86. Once that interest has been established, a violation of substantive due process still requires arbitrary and capricious conduct by the governing authority. A government decision regulating a landowner's use of his property offends substantive due process if the government action is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Boudreaux, 110 So. 3d at 170. In other words,

government action comports with substantive due process if the action is rationally related to a legitimate governmental interest. Id.

Assuming that the appellants can satisfy the first prong of the test by establishing the existence of a constitutionally protected property or liberty interest, the appellants clearly cannot meet the second prong of the test. The Parish's conduct in passing the ordinance to prohibit strictly commercial uses in the A-4(D) Single-Family Residential District is rationally related to its legitimate interest in promoting the health, safety, morals, and general welfare of the parish. See UDC Sec. 130-1. Therefore, the prohibition of commercial uses in the A-4(D) Single-Family Residential District was not established in an arbitrary or capricious manner. Accordingly, we find the appellants are unable to sustain a claim that their substantive due process rights were violated.

Finally, the appellants contend their equal protection rights were violated when they were prohibited from renting their properties on a short-term basis, but other business owners were allowed to operate their businesses in the A-4(D) Single-Family Residential District. The appellants allege that although they are similarly situated to other business owners, they were the only business that was prohibited from operating.

The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents. Sunday Lake Iron Co. v. Wakefield Tp., 247 U.S. 350, 352, 38 S. Ct. 495, 495, 62 L. Ed. 1154 (1918). Generally, the state constitutional guarantee of equal protection mandates that state laws affect alike all persons and interests similarly situated. This guarantee does not, however, take from the legislature all power of classification. Beauclaire v. Greenhouse, 2005-0765 (La. 2/22/06), 922 So. 2d 501, 505.

18

The Louisiana Supreme Court has set forth a three-tier evaluation to determine whether there has been a violation of equal protection, as follows:

> Article I, Section 3 commands the courts to decline enforcement of a legislative classification of individuals in three different situations: (1) When the law classifies individuals by race or religious beliefs, it shall be repudiated completely; (2) When the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused unless the state or other advocate of the classification shows that the classification has a reasonable basis; (3) When the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantaged class shows that it does not suitably further any appropriate state interest.

Beauclaire, 922 So. 2d at 505.

The third level of scrutiny applies in this case, because there is no classification based on race, religious beliefs, birth, age, sex, culture, physical condition, or political beliefs. The appellants contend that they were classified based on the type of business they run, a short-term rental business, as compared to other businesses that operate in the same district such as a commercial fishing business, a landscaping business, and a barber shop. When the third level of scrutiny applies, the law creating the classification is presumed to be constitutional. Thus, the party challenging the constitutionality of the law has the burden of proving it is unconstitutional by showing the statute fails to serve a legitimate governmental purpose. Beauclaire, 922 So. 2d at 505-06. Great deference is given to legislative determinations, and a classification is constitutional if it has a rational relationship to a valid state interest. Beauclaire, 922 So. 2d at 506.

As discussed previously, the prohibition of commercial use of property in the residential district is rationally related to the legitimate governmental purpose of promoting the health, safety, morals, and general welfare of the parish and to lessen congestion, along with other purposes stated in UDC Sec. 130-1. The appellants suggest that the ordinance was selectively enforced, such that others similarly situated were not cited for violating the ordinance. Even if we were to

assume this allegation was true, the analysis of the language of the ordinances for equal protection purposes does not change. Accordingly, we find the appellants are unable to sustain a claim that they have been deprived of equal protection under the laws. This assignment of error is without merit.

## CONCLUSION

For the above and foregoing reasons, the March 23, 2023 judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellants, Evan Plauche, Strata Two, L.L.C., and Strata Twelve, L.L.C.

**AFFIRMED.**